## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **HERETTA L. WEST,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:16-cv-00393-WSD-AJB** |
| **WELLS FARGO BANK, N.A.,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## <u>FINAL REPORT AND RECOMMENDATION</u>

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s ("Defendant") motion to dismiss Plaintiff's complaint. [Doc. 3]. For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED** and that the action be **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

On April 20, 2007, Plaintiff Heretta West ("Plaintiff") obtained a loan from MortgageIT, Inc. ("MortgageIT") in the amount of $743,200.00.   [Doc. 3-2].[1]

---

[1]    In its motion, Defendant attaches and relies upon certain documents that were not attached to the complaint. [*See* Docs. 3-2 to 3-9]. Generally, the Court must convert a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment if it considers materials outside of a complaint. *See* Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). However, the Court need not

To secure repayment of the promissory note, Plaintiff executed a security deed which conveyed legal title and power of sale of the real property located at 2398 Monte Villa Court, Marietta, Georgia 30062 (the "Property") to Mortgage

_____

make this conversion when considering a document attached to a complaint or to a motion to dismiss if "the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day*, 400 F.3d at 1276; *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (discussing documents attached to motion to dismiss); *Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997) ("Documents attached to and incorporated into the complaint were properly before the district court on a motion to dismiss."); *Clark v. Bibb Cnty. Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) ("A court evaluating a motion to dismiss for failure to state a claim upon which relief can be granted . . . may . . . consider any attachments to the complaint, matters of public record, orders, and items appearing in the record.").

Moreover, as will be discussed, Defendant contends that Plaintiff's present complaint is subject to dismissal on grounds of *res judicata* and collateral estoppel. Both are affirmative defenses that would require the Court to look outside the pleadings to the facts of the previous case. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008); *Desisto v. City of Delray Beach*, 618 Fed. Appx. 558, 560 (11th Cir. July 10, 2015) (citing *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)). For such purposes, " '[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment,' " including pleadings and orders from prior cases as public records. *Krauser v. Evollution IP Holdings, Inc.*, 975 F. Supp. 2d 1247, 1251-52 (S.D. Fla. 2013) (quoting *Horne v. Potter*, 391 Fed. Appx. 800, 802 (11th Cir. Aug. 16, 2010)). Accordingly, in considering Defendant's *res judicata* and collateral estoppel arguments, the Court may take judicial notice of the filings in Plaintiff's prior cases as public records, without converting the current motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56.

2

Electronic Registration Systems, Inc. ("MERS") as nominee for MortgageIT.  [*Id*.].[2] On January 20, 2012, MERS transferred and assigned its rights, title, and interest in the security deed to HSBC Bank USA, National Association as Trustee For MortgageIT Securities Corp. Mortgage Loan Trust Series 2007-1, Mortgage Pass-Through Certificates ("HSBC").[3]  Wells Fargo is the servicer of the loan on behalf of HSBC. [Doc. 1 at 9, ¶ 31 & Doc. 3-1 at 2].

On November 27, 2013, Plaintiff, proceeding *pro se*, filed a complaint in the Superior Court of Cobb County.  *See West v. Wells Fargo Bank, N.A.*, Case No. 13-1-10266-34.3 (hereinafter "*West I*").  [Doc. 3-4].  On April 9, 2014, Plaintiff voluntarily dismissed that complaint.  [Doc. 3-5].  On October 1, 2014, again proceeding *pro se*, Plaintiff filed a another complaint in the Superior Court of Cobb County that was nearly identical to the complaint filed in *West I*.  *See West v. Wells Fargo Bank, N.A.*, Case No. 14-1-7667-53 (hereinafter ("*West II*").  [Doc 3-6].  Plaintiff voluntarily dismissed *West II* on December 2, 2014.  [Doc. 3-7].

------------

[2]        The security deed is recorded at Deed Book 14482, Pages 4283-4272, Cobb County, Georgia, Records.  [Doc. 3-2].

[3]        The assignment is recorded at Deed Book 14914, Pages 828-829, Cobb County, Georgia, Records.  [Doc. 3-3].

3

On January 9, 2015, Plaintiff, proceeding *pro se*, filed a third complaint in the Superior Court of Cobb County. *See West v. Wells Fargo Bank, N.A.*, Case No. 15-1-175-52 ("*West III*"). [Doc. 3-8]. In *West III*, Plaintiff asserted claims against Defendant for conversion, attempted wrongful foreclosure, breach of good faith and fair dealing, unfair and deceptive business practices, fraud, violations under the Real Estate Settlement Procedures Act ("RESPA"), unjust enrichment, "adequate assurances of performance," unconscionability, and sought a declaratory judgment and reasonable attorney's fees. [Doc. 3-8]. On December 21, 2015, the Cobb County Superior Court dismissed Plaintiff's claims with prejudice. [Doc. 3-9].

Plaintiff, proceeding *pro se*, filed a complaint in this Court on February 9, 2016. [Doc. 1]. Plaintiff's complaint asserts claims against Defendant for violation of the Fair Debt Collections Practices Act ("FDCPA") (Count I), violation of the Fair Credit Reporting Act ("FCRA") (Count II), negligence (Count III) , intentional infliction of emotion distress ("IIED") (Count IV), declaratory judgment/quiet title (Count V), injunctive relief, (Count VI), wrongful foreclosure (Count VII), and violation of the Georgia Fair Business Practices Act ("GFBPA") (Count VIII). [Doc. 1]. She seeks equitable and injunctive relief, compensatory and punitive damages, and attorney's fees. [Doc. 1 at 36-37].

4

Defendant moved to dismiss Plaintiff's complaint on two primary grounds: (1) Plaintiff's claims are barred by the doctrines of *res judicata,* collateral estoppel, and the "two dismissal" rule; and (2) Plaintiff's complaint fails to state a claim upon which relief can be granted. [Doc. 3-1]. Plaintiff responded. [Doc. 4]. Defendant did not file a reply. (*See* Dkt.). With briefing concluded, the motion to dismiss is ripe for recommended resolution.

## II.   LEGAL STANDARDS

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that all allegations in the complaint are to be taken to be true even if doubtful in fact). However, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009)). Additionally, the Court is not required to accept Plaintiff's legal conclusions. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on*

AO 72A
(Rev.8/8
2)

*other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012) (citing *Iqbal*, 556 U.S. at 678).  Nor will the Court "accept as true a legal conclusion couched as a factual allegation." *See Twombly*, 550 U.S. at 555.

To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Under Rule 8 of the Federal Rules of Civil Procedure, a pleading states a claim when it contains, *inter alia*, "a short and plain statement of the claim showing that the pleader  is entitled to relief." Fed R. Civ. P. 8(a)(2).  Although the factual allegations of a complaint must generally be taken as true when ruling on a motion to dismiss, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  While a complaint need not contain detailed factual allegations, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth.").  Rather, plaintiffs are required to make factual allegations

6

that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (internal quotation marks omitted). The Court also may dismiss a claim pursuant to Rule 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

A "document filed *pro se* is 'to be liberally construed,' . . . , and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (discussing that *pro se* filings are entitled to liberal construction). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an

AO 72A
(Rev.8/8
2)

action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

## III.    DISCUSSION

### A.    *Res Judicata* and Collateral Estoppel[4]

#### 1.    *Res Judicata*

To the extent that Plaintiff's claims are predicated upon her contention that Defendant has no right to initiate foreclosure proceedings or foreclose on the Property, or can be construed to be part of the same foreclosure proceeding that was scheduled for February 2015 (even though a new foreclosure date has subsequently been

---

[4]       In a footnote, Defendant asserts that the "two dismissal rule" of Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure mandates dismissal. [*See* Doc. 3-1 at 5-6, n.1].  Defendant argues that because Plaintiff voluntarily dismissed the state court cases in *West I* and *West II*,  pursuant to Rule 41(a)(1)(B), the second voluntarily dismissal in *West II* acts as an adjudication on the merits and bars similar claims and allegations in the instant complaint.  Plaintiff's first state court action (*West I*) was dismissed by order of the Superior Court.  [*See* Doc. 3-5 at 1].  Because the first dismissal was pursuant to court order, the two-dismissal rule is inapplicable because the Eleventh Circuit has held that a dismissal by plaintiff's motion and court order does not implicate the two-dismissal rule.  *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1267-68 (11th Cir. 1999).  As a result, the undersigned **RECOMMENDS** that Defendant's motion to dismiss predicated upon the two-dismissal rule be **DENIED**.

AO 72A (Rev.8/82)

scheduled for March 1, 2016, [Doc. 1 at 2]), Plaintiff's claims are barred by *res judicata*.

Under the principle of *res judicata*, or claim preclusion, a final judgment on the merits in a civil action operates to preclude a party, or those in privity with that party, from re-litigating in a subsequent proceeding issues that were or could have been raised in the original action. *Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (holding that *res judicata* "bars the filing of claims which were raised or could have been raised in an earlier proceeding") (citation omitted). The doctrine is "a rule of fundamental and substantial justice, of public policy and of private peace," operating to protect defendants against duplicative litigation over the same claims, and accordingly, may not be overridden based on equitable considerations. *Federated Dep't Stores, Inc.*, 452 U.S. at 401 (quotation omitted). "The doctrine of res judicata is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies. As to the parties in the prior proceeding and their privies, res judicata constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action." *Baptiste v. IRS*, 29 F.3d 1533, 1539 (11th Cir. 1994).

9

In considering whether to give preclusive effect to state-court judgments under *res judicata* or collateral estoppel, the federal court must apply the rendering state's law of preclusion. *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011) (citing *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006) (*res judicata*); *Agripost, Inc. v. Miami-Dade Cnty., ex rel. Manager*, 195 F.3d 1225, 1229 n.7 (11th Cir. 1999) (collateral estoppel); and 28 U.S.C. § 1738); *see also N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). "Under Georgia law, the fundamental elements of *res judicata*, codified at O.C.G.A. § 9-12-40, are: (1) the parties are identical; (2) the causes of action are identical; and (3) the prior adjudication was made on the merits by a court of competent jurisdiction. *QOS Networks Ltd. v. Warburg, Pincus & Co.*, 294 Ga. App. 528, 531, 669 S.E.2d 536, 540 (2008) (citing O.C.G.A. § 9-12-40); *Starship Ent. of Atlanta, Inc. v. Coweta Cnty, Ga.*, 708 F.3d 1243, 1253 (11th Cir. 2013) (applying § 9-12-40). The party asserting *res judicata* bears the burden of showing that the later-filed suit is barred. *Batchelor-Robjohns v. United States*, 788 F.3d 1280, 1285 (11th Cir. 2015) (citing *In re Piper Aircraft*, 244 F.3d 1289, 1296 (11th Cir. 2001)).

Applying these factors, first, *West III* resulted in the entry of a final judgment on the merits by a court of competent jurisdiction. After Defendant filed a motion to

10

dismiss based on Plaintiff's failure to state a claim, in December 2015 the Cobb County Superior Court dismissed Plaintiff's claim with prejudice.  [Doc. 3-9].  A dismissal for failure to state a claim is a judgment on the merits.  *SFM Holdings, Ltd. v. Banc of America Securities, LLC*, 764 F.3d 1327, 1344 (11th Cir. 2014) (citations omitted); *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (holding that a Rule 12(b)(6) dismissal with prejudice is an adjudication on the merits); *Hunt*, 891 F.2d at 1560 (same); *see also Harris v. Deutsche Bank Nat'l Trust Co.*, 338 Ga. App. 838, 840 n.6, 792 S.E.2d 111, 114 n.6 (2016) (A "dismissal for failure to state a claim is a dismissal on the merits and is with prejudice.") (punctuation and footnote omitted in original; citations omitted).

Second, the parties are identical in both cases.  *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2008) ("[B]efore the doctrines of either res judicata or collateral estoppel may be asserted against a party, it must be established that the party in the second action was either a party in the previous action or a privy of the party in that action.").  Plaintiff filed both her present complaint and *West III* against Defendant. [Docs. 1, 3-8].

The final issue is whether such an identity of subject matter exists between the two cases so that the dismissal with prejudice in *West III* constituted an adjudication on

11

the merits of Plaintiff's present claims against Defendant. A cause of action in Geogia

is defined as "being the entire set of facts which give rise to an enforceable claim."

*Haley v. Regions Bank*, 277 Ga. 85, 91, 586 S.E.2d 633, 638 (2003)(emphasis, citation,

and internal marks omitted). As a consequence, "when a subsequent action arises from

the same wrong as a prior action and is based on essentially the same facts, the

subsequent actions should be barred by res judicata." *Franklin v. Gwinnett Cnty. Pub.*

*Sch.*, 200 Ga. App. 20, 24, 407 S.E.2d 78, 83 (1991) (citing *Spence v. Erwin*,

200 Ga. 672, 673, 38 S.E.2d 394, 396-97 (1946)).

> The doctrine of res judicata . . . prevents re-litigation of matters that were
> or could have been litigated in a previously-adjudicated action. The
> doctrine applies even if some new factual allegations have been made[ or]
> some new relief has been requested. . . . It is only where the merits were
> not and could not have been determined under a proper presentation and
> management of the case that res judicata is not a viable defense. If,
> [however], the merits were or could or have been determined, then the
> defense is valid.

*Neely v. City of Riverdale*, 298 Ga. App. 884, 887, 681 S.E.2d 677, 679 (2009) (first

alteration in original) (citations and internal marks omitted).

After careful comparison between the complaint in *West III* and the complaint

in this case, it is clear that Plaintiff could have raised most of the claims in the instant

case in the prior action. Both lawsuits are premised on Plaintiff's allegations that

12

Defendant does not have the authority to foreclose on the Property because Defendant was not the secured creditor, and that Defendant acted improperly as the loan servicer on behalf of HSBC by, for example, charging "false servicer fees" and misrepresenting the balance on the loan and the identify of the secured creditor.  [Docs. 1, 3-8].

In the present action, in Count I, Plaintiff alleges that Defendant violated the FDCPA "starting on or about February 2013," which was twenty three months before Plaintiff filed *West III* on January 9, 2015. [Doc. 1 at 18, ¶ 65].   Defendant's conduct/status as a loan servicer is at issue in both complaints and by Plaintiff's own admission, the conduct of which Plaintiff complains occurred as early as February 2013.  Although a plaintiff can have "different theories of recovery arising from the same wrong, [she] should properly [have] assert[ed] those different theories of recovery in separate counts in one suit."   *Franklin*, 200 Ga. App. at 25, 407 S.E.2d at 83.  Accordingly, because Plaintiff should have raised her FDCPA claim in *West III*,[5] the FDCPA claim now before this Court is barred by *res judicata*.

_____

[5]     A state court has concurrent jurisdiction to hear an FDCPA claim. 15 U.S.C. § 1692k(d); *see also  Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1135 (8th Cir. 1981) (FDCPA provides for concurrent state-federal jurisdiction and claims may be brought in state court).

AO 72A
(Rev.8/8
2)

In Counts IV - VIII of the federal complaint, Plaintiff asserts state law claims for negligence, IIED, quiet title and declaratory judgment, injunctive relief, wrongful foreclosure , and violations of the GFBPA.  While many of these claims do not set forth a factual basis to support themselves, they do appear to refer to allegations in the complaint which are substantially similar to the allegations Plaintiff made in *West III*, that is, that Defendant does not have authority to foreclose on the Property and that Defendant acted improperly as the loan servicer acting on behalf of HSBC. Accordingly, because Plaintiff's claims in the instant action arise out of the same set of operative facts that were brought against Defendant in *West III*, Plaintiff's claims in this case for negligence, IIED, quiet title and declaratory judgment, injunctive relief, wrongful foreclosure and violation of the GFBPA are barred by *res judicata*.

The analysis for Counts II and III warrants a different result because it is unclear when the conduct Plaintiff complains about occurred.  In Count III, Plaintiff asserts a FCRA claim based on allegations that Defendant improperly obtained Plaintiff's credit report and misreported Plaintiff's credit information.  [Doc. 1 at 26-27, ¶¶ 95-98]. However, Plaintiff does not allege when the disputed conduct occurred.  If the conduct alleged in the complaint occurred before January 9, 2015, the date Plaintiff filed *West III*, the *res judicata* bar applies as Plaintiff initially raised Defendant's loan

14

servicing activities in that complaint.  However, to the extent that Plaintiff is asserting an FCRA claim for conduct that occurred after *West III* was filed, the *res judicata* doctrine would not apply since the conduct Plaintiff complains about would not yet have occurred so as to be ripe at that time.  Similarly, Count III of Plaintiff's complaint alleges negligence based wholly on the same conduct alleged in Plaintiff's FCRA claim.  [Doc. 1 at 29, ¶ 106].  Therefore, the same analysis applies to Count III. Because it is not clear from Plaintiff's complaint when the alleged conduct  occurred in relation to the filing of *West III*, Defendant has not met its burden in establishing that the *res judicata* bar applies to either Counts II or III.  *See Thorsteinsson v. M/V Dragnur,* 891 F.2d 1547, 1551 (11th Cir. 1990) (citing *Howard v. Green,* 555 F.2d 178, 181 (8th Cir. 1977) ("Res judicata is of course an affirmative defense, and the burden of proof is upon the party asserting it.")

Therefore, the undersigned **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED** on all of Plaintiff's claims except Counts II and III, as being barred by *res judicata*, and **DENIED** as to Counts II (FCRA) and III (negligence).

### 2.   Collateral Estoppel

Collateral estoppel, or issue preclusion, likewise is an affirmative defense. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008).

15

> To claim the benefit of collateral estoppel the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000) (quoting *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998)). The party seeking to invoke collateral estoppel bears the burden of proving that the necessary elements have been satisfied. *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989) (citing *Matter of Merrill*, 594 F.2d 1064, 1067 (5th Cir. 1979)) (footnote omitted); *Glen Oak, Inc. v. Henderson*, 258 Ga. 455, 458, 368 S.E.2d 736, 738 (1988).

Defendant generally argues that "each issue contained within the present Complaint w[as] either raised or should have been raised in [*West III*]." [Doc. 3-1 at 9]. However, the only specific issue Defendant identifies as being previously litigated is Plaintiff's allegation that "Wells Fargo cannot foreclose because it was not assigned the Note." [Doc. 3-1 at 8]. It is true that Plaintiff alleges in her wrongful foreclosure claim that Defendant is not the holder of the note and cannot produce the note, which was an issue Plaintiff also expressly raised in *West III*. [*Compare* Doc. 1 at 34, ¶¶ 131-132

16

*with* Doc. 3-8 at 13, ¶ 45].   Therefore, the undersigned concludes that collateral estoppel applies and Plaintiff may not re-litigate whether Defendant must be the holder of the note or produce the note in order to foreclose on the Property.

However, to the extent that Defendant also broadly suggests that all other issues in the present complaint were previously litigated in *West III*, Defendant's general reference is insufficient to raise that issue before the Court. *Cf., Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005) ("[A] passing reference to an issue in a brief [is] insufficient to properly raise that issue."); *cf. Rocker Mgmt., L.L.C. v. Lernout & Hauspie Speech Prod. N.V.*, No. CIV.A. 00-5965 (JCL), 2005 WL 1365465, at *16 (D.N.J. June 7, 2005) (holding that where "Defendants devote nothing more than a passing reference to the notion that these alleged damages are somehow insufficient, the Court is not inclined to dismiss the conspiracy claim at this juncture"); *see also United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").   The Court cannot make arguments for a *pro se* party, *see Ware v. United States*, 154 F.R.D. 291, 293 (M.D. Fla. 1994), and it certainly will not do so for a represented party such as Defendant.   *Sanchez v. Miller*, 792 F.2d 694, 703

17

(7th Cir. 1986) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (citations omitted); *Buckingham v. Am. Med. Response Ambulance Serv., Inc.*, No. 12-CV-02606-CMA-KMT, 2014 WL 349109, at *3 (D. Colo. Jan. 31, 2014) (concluding, on summary judgment, that the "Court is not required to make arguments on behalf of a party to litigation, especially a represented party").

As a result, the undersigned concludes that collateral estoppel bars Plaintiff from raising and re-litigating a wrongful foreclosure claim in this action based on Defendant's ability to hold or produce the promissory note, but that none of Plaintiff's other claims is barred by collateral estoppel.

Therefore, the undersigned **RECOMMENDS** that Defendant's motion to dismiss on grounds of collateral estoppel be **GRANTED** as to Count VII (wrongful foreclosure) and **DENIED** as to all other claims.

### B.    *Failure to State a Claim*

Defendant also contends that Plaintiff's complaint does not state a claim for relief.

18

### 1.    FDCPA *(Count I)*

The FDCPA was enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors.  *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010); *see also* 15 U.S.C. § 1692e (prohibiting "[f]alse or misleading representations").  The statute also protects reputable debt collectors from unfair competition and encourages consistent state action to protect consumers from abuses in debt collection.  *LeBlanc*, 601 F.3d at 1190.  To prevail on an FDCPA claim, a plaintiff must establish that

> (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

*Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (Thrash, J., *adopting* Baverman, M.J.) (punctuation omitted).  Thus, to prevail on a claim under the FDCPA, a plaintiff must show, among other things, that the defendant was a debt collector as defined by the FDCPA and that the challenged conduct is related to debt collection.  *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211,1216 (11th Cir. 2012).  To qualify as a "debt collector" under the FDCPA, a person must fall within one of the two definitions of 15 U.S.C. § 1692(a)(6).

19

They must either be a person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."   15 U.S.C. § 1692a(6); *see also Warren v. Countrywide Home Loans, Inc*. 342 Fed. Appx. 458, 460 (11th Cir. Aug. 14, 2009).

However, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person. . . ."  15 U.S.C. §1692a(6)(F).  Thus, a consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered "debt collectors" so long as the debt was not in default at the time it was assigned.  *Id.*; *see also LaCosta v. BAC Home Loan Serv., LP*, Civil Action No. 1:10-CV-1171-RWS, 2011 WL 166902 at *6 (N.D. Ga. Jan. 18, 2011); *Anderson v. Deutsche Bank Nat. Trust Co.*, Civil Action No. 1:11-cv-2091-TWT-ECS, 2012 WL 3756512, at *4 (N.D. Ga. Aug. 6, 2012) (R&R), *adopted* 2012 WL 37564235 (N.D. Ga. Aug. 27, 2012).

In this case, it is not entirely clear whether Plaintiff is alleging the loan assignment occurred after she was in default on her loan obligation.  Plaintiff alleges

20

that she was in default as of January 23, 2016, when she received a notice of foreclosure sale from Defendant, [Doc. 1 at 4, ¶15]. Plaintiff additionally alleges that she believes the debt was acquired by Defendant after she was in default, [*id*. at 6, ¶ 20]. However, Defendant did not acquire the debt; rather the security deed was assigned to HSBC in 2012 and Defendant acted as HSBC's loan servicer. [Doc. 3-3]. Finally, Plaintiff alleges she was in default when the security deed was assigned to "US Bank NA," [Doc. 1 at 6, ¶ 21], however, as US Bank NA did not have any relationship to the debt, it is likely that Plaintiff was actually referring to HSBC Bank USA NA, the bank that was assigned the security deed in 2012. [Doc. 1 at 13, ¶ 44, Doc. 3-3]. Therefore, construing the facts alleged in light most favorably to Plaintiff, *Bryant,* 187 F.3d at 1273 n.1, the Court finds Plaintiff sufficiently pleaded that the exemption in 15 U.S.C. § 1692a(6)(F) applies, as she alleged that the debt was assigned to HSBC after she was in default and before Defendant started servicing the loan.

However, even if Plaintiff has properly alleged that the assignment to HSBC occurred after Plaintiff's default on her loan obligation, Plaintiff's complaint still must "plausibly allege[] that [Defendant is] . . . a 'debt collector[s] within the meaning of the FDCPA." *Reese*, 678 F.3d 1211. *Accord*, *Birster v. Am. Home Mortg. Serv., Inc*., 481 Fed. Appx. 579,583 (11th Cir. July 18, 2012). "[W]here a plaintiff alleges that the

21

debt was in default when assigned, the plaintiff's complaint must still contain sufficient factual allegations that a defendant is a 'debt collector' under one of the prongs of Section 1692a(6)." *Davidson v. Capital One Bank (USA), N.A.*, 44 F. Supp. 3d 1230, 1242 (N.D. Ga. 2014) (Duffey, J.) (citing *Anderson*, 2012 WL 3756512 at *4).

In this case, Plaintiff's complaint does not contain sufficient factual allegations to allow a reasonable inference that Defendant is a "debt collector" within the meaning of the FDCPA.  Plaintiff alleges that "Defendant is engaged in the collection of debts from consumers using the mail and telephone" and "regularly attempts to collect debts alleged to be due to another."  [Doc. 1 at 8, ¶ 28].  These conclusory allegations that merely quote from the statutory language are not well pleaded facts since they provide no information about the transaction for the Court to infer whether Defendant is a debt collector under the purview of the FDCPA.  *White v. Bank of Am., NA*, 597 Fed. Appx. 1015, 1020 (11th Cir. Dec. 29, 2014) (holding that plaintiffs' conclusory assertion that defendant "regularly attempt[ed] to collect debts" and failure to allege facts was insufficient to plead that defendant was "debt collector" under FDCPA); *Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, 57 F. Supp. 3d 1358, 1376 (M.D. Fla. 2014) ("Absent any factual allegations to suggest that these purported

AO 72A
(Rev.8/8
2)

violations of the FDCPA are premised on anything other than Chase National's foreclosure on the Subject Property, the Court concludes that the Beepots fail to sufficiently allege that Chase National is a 'debt collector' engaged in 'debt collection activity' within the meaning of the FDCPA."). *Compare Tharpe v. Nationstar Mortg. LLC*, 632 Fed. Appx. 586, 587 n.2 (11th Cir. Jan. 20, 2016) ("Nationstar contends that Tharpe's allegations that it is a 'debt collector' are vague and conclusory. They are not. Tharpe has alleged that Nationstar's business involves the regular collection of thousands of debts from thousands of consumers. That allegation, if true, would support a finding that Nationstar is a "debt collector" within the scope of the FDCPA.") (citation omitted). Plaintiff's conclusory assertions that Defendant is a debt collector run afoul of *Twombly* and *Iqbal*'s admonition that a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Therefore, even assuming that Plaintiff properly alleged that the debt was acquired after it was in default and Defendant began servicing the loan thereafter, Plaintiff still has not sufficiently alleged that Defendant was a debt collector under the FDCPA. *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) ("The FDCPA's restrictions apply only to 'debt collectors.' ").

AO 72A
(Rev.8/8
2)

As a result, the undersigned **RECOMMENDS** that Defendant's motion to dismiss as to Plaintiff's FDCPA claim be **GRANTED** and that Plaintiff's FDCPA claim be **DISMISSED**.

### 2.      *FCRA (Count II)*

Plaintiff's FCRA claims are based on allegations in the complaint that Defendant misrepresented to unidentified credit reporting agencies that it had Plaintiff's consent to obtain Plaintiff's reports and that Defendant furnished negative information about Plaintiff's credit.  [Doc. 1 at 26-27, ¶¶ 95-99].

As to Plaintiff's first claim, that Defendant obtained credit reports by somehow misrepresenting that it had Plaintiff's consent and/or a permissible purpose for the credit report(s) in violation of 15 U.S.C. §1681q, the FCRA makes it unlawful for a person to "knowingly and willfully obtain [] information on a consumer from a consumer reporting agency under false pretenses."  *See* 15 U.S.C. §1681q.  However, there are no factual allegations in the complaint that Defendant obtained Plaintiff's credit report under any false pretenses.  One possible false pretense - that Defendant had Plaintiff's consent to disclosure - is not something the FCRA prohibits.  "Nothing in the FCRA requires a consumer's prior written permission before requesting a credit

24

report." *Cosby v. First Tenn. Bank Nat. Ass'n, Inc.*, 545 Fed. Appx. 796, 798 (11th Cir. Oct. 15, 2013).

Another possible false pretense, that Defendant did not have a permissible use for obtaining a credit report under the FCRA, also fails.  Under the statute, a consumer reporting agency may furnish a credit report "in connection with a credit transaction involving the consumer on whom the information is be furnished and involving the extension of credit to, or review of collection of an account of the consumer." 15 U.S.C. § 1681b(a)(3)(A).  In other words, this provision of the FCRA permits a debt collector or loan servicer to request a credit report if it uses the report to review an account.  *See Levine v. World Fin. Network Nat. Bank*, No. 1:04-cv-1283-BBM, 2004 WL 5545033 at *2 (N.D. Ga. Nov. 8, 2004), *rev'd and remanded on other grounds*, 437 F.3d 1118 (11th Cir. 2006).  Here, the parties do not dispute that Defendant is a loan servicer for the debt and that the FCRA permits it to request a credit report to review Plaintiff's account as part of servicing of the loan.  Plaintiff complaint does not allege otherwise and does not allege any specific impermissible grounds for which Defendant obtained Plaintiff's report.

As to Plaintiff's second FCRA claim, that Defendant reported false credit information, Plaintiff's allegations also fail to state a claim for relief.  Plaintiff is correct

25

that the FCRA provides protection to consumers like Plaintiff against furnishers of credit information who submit incorrect information.  *See* 15 U.S.C. §§ 1682a(c), (f); *id.* § 1681s-2(a).  This protection breaks down into two duties on the part of furnishers of credit information: "[f]irst, §1681s-2(a) requires furnishers to submit accurate information to [credit reporting agencies]," and "[s]econd, §1681s-2(b) requires furnishers to investigate and response promptly to notices of customer disputes." *Green v. RBS Nat. Bank*, 288 Fed. Appx, 641, 642 (11th Cir. Aug. 4, 2008).

However, violations of the first kind, the submission of inaccurate information, do not create a private right of action, and to recover for violations of the second kind, a plaintiff must allege that the furnisher in question received notice of the dispute. *Steed v. EverHome Mortg Co.*, 308 Fed. Appx, 364, 369-70 (11th Cir. Jan. 21, 2009) (holding no private right of action for submission of inaccurate information; and that a plaintiff must "allege and establish" that he notified the reporting agency of dispute and that reporting agency notified defendant); *see also Green*, 288 Fed. Appx. at 642-43.  Because Plaintiff cannot pursue a claim simply for furnishing inaccurate information and she has not alleged that she disputed any inaccurate information contained in her credit reports, much less that Defendant received notice of any such dispute, Plaintiff has not stated a claim for relief.

26

As a result, the undersigned **RECOMMENDS** that Defendant's motion to dismiss as to Plaintiff's FCRA claim be **GRANTED** and that Plaintiff's FCRA claim be **DISMISSED**.

### 3.    *Negligence* (*Count III*)

Plaintiff's negligence claim also fails.  Plaintiff's negligence claim is premised upon the alleged violations of the FCRA discussed above.  [Doc. 1 at 28-29, ¶¶ 106-107].  Specifically, Plaintiff's claim seems to be based both upon Defendant's alleged misrepresentations in obtaining credit information and its failure to correct inaccurate information.   [*Id*.].  However, the FCRA specifically preempts "negligence [claims] with respect to the reporting of any information against . . . any user of information, or any person who furnishes information" except when "false information [is] furnished with malice or willful intent."  15 U.S.C. §1682h(e).  *See, e.g., Lofton-Taylor v. Verizon Wireless*, 262 Fed. Appx. 999, 1002 (11th Cir. Jan. 23, 2008) (holding that "because there is no evidence that [a statement about credit information] was made maliciously with intent to injure, [plaintiff's] state law defamation and invasion of privacy claims against [defendant] are precluded by § 1681h (e) of the Fair Credit Reporting Act"); *Jordan v. Equifax Info. Servs., LLC*, 410 F. Supp. 2d 1349, 1355 (N.D. Ga. 2006) (Hunt, J.) (finding that "[t]he FCRA preempts defamation and negligent reporting

27

claims brought pursuant to state law unless the plaintiff can prove that the defendant acted with malice or with a willful intent to injure him"). No such malice or willful intent has been alleged by Plaintiff, and as such, Plaintiff's negligence claim also fails.[6]

As a result, the undersigned **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's negligence claim be **GRANTED** and that Plaintiff's negligence claim be **DISMISSED**.

### 4.    *IIED (Count IV)*

Plaintiff's IIED claim is asserted in only the most general terms, based on Defendant's "acts and/or omissions [that] were done intentionally and/or with gross indifference to Plaintiff's rights." [Doc. 1 at 30, ¶ 110]. Under Georgia law, in order to prevail on an IIED claim, Plaintiff must allege that Defendant's conduct was: "(1) intentional or reckless; (2) extreme and outrageous; and (3) the cause of severe emotional distress." *Wilcher v. Confederate Packaging, Inc.,* 287 Ga. App. 451, 453,

---

[6]     The FCRA also preempts all state statutory and common law claims related to the responsibilities of person or entities who furnish information to consumer reporting agencies to the extent that the conduct is regulated under the FCRA. 15 U.S.C. § 1682t(b)(1)(F); *see also Spencer v. Nat'l City Mortg.,* 831 F. Supp. 2d 1353, 1362-64 (N.D. Ga. 2011) (Batten, J.) (holding that if a state law legal duty relates to the subject matter of § 1681-2 of the FCRA, that is, relates to furnishing accurate information and investigation and correcting inaccurate information, it is completely preempted by the FCRA).

AO 72A
(Rev.8/8
2)

651 S.E.2d 790, 792 (2007).  Liability IIED has been found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Farrell v. Time Serv., Inc.*, 178 F. Supp.2d 1295, 1299 (N.D. Ga. 2001) (Thrash, J.) (quoting *Biven Software, Inc. v. Newman*, 222 Ga. App. 112, 113-14, 473 S.E.2d 527, 529 (1996)); *see also Ingram v. JIK Realty Co.*, 199 Ga. App. 335, 336-37, 404 S.E.2d 802, 804-05 (1991) (holding that wrongful foreclosure cannot, as a matter of law, serve as basis for IIED claim unless there is clear evidence known by deed holder that foreclosure action was improper, e.g., that the deed was void or that mortgagor was making mortgage payments); *Blue View Corp. v. Bell*, 298 Ga. App. 277, 280, 679 S.E.2d 739, 742 (2009) (holding that institution and withdrawal of wrongful foreclosure proceedings insufficient to constitute basis for IIED claim).

Plaintiff's complaint does not allege conduct by Defendant that rises to the level of "outrageous character" and "extreme in degree" to support her IIED claim.  Rather than actually describing sufficiently extreme and outrageous conduct in any detail whatsoever, Plaintiff's conclusory statements merely recite the elements of the cause of action.  Thus, these statements are insufficient to support an IIED claim.

As a result, the undersigned **RECOMMENDS** that Defendant's motion to dismiss as to Plaintiff's IIED claim be **GRANTED** and that Plaintiff's IIED claim be **DISMISSED**.

### 5.    *Declaratory/Quiet Title(Count V) & Injunctive Relief (Count VI)*

In order to maintain an action for quiet title and declaratory relief (Count V) or an injunction (Count VI) in the case of mortgages, a plaintiff must allege she has paid the loan in full or otherwise tendered payment. *Brantley v. U.S. Bank, NA*, Civil Action No. 1:12-cv-4476-JEC, 2013 WL 5429624, at *5 (N.D. Ga. Sept. 30, 2013) (citing *Taylor, Bean & Whitaker Mortg. Corp v. Brown*, 276 Ga. 848, 850, 583 S.E.2d 844, 846 (2003)); *see also Taylor, Bean & Whitaker Mortg. Corp.*, *id.* (holding that "plaintiff may not use equity to obtain the cancellation of a security deed or promissory note if the plaintiff has not paid the note or tendered payment of the note"). Here, Plaintiff has affirmatively alleged that she is in default and there is no factual allegation showing that payment has been tendered.  [Doc. 1 at 4, ¶15]. Therefore, she cannot pursue these claims.

Additionally, to state a claim for quiet title, Georgia law requires that a plaintiff attach to her complaint a survey of the land in question and the written instruments upon which her interest in the property is based.  O.C.G.A. § 23-3-62(b)-(c); *see also*

30

*GHC, Inc. v. Bryan*, 275 Ga. 336, 336, 566 S.E.2d 662, 662 (2002) (holding that petition to quiet title must include "a plat of survey and copies of any written instruments upon which [the plaintiff]'s interest . . . is based"); *Joseph v. CitiMortgage*, No. 1:11-cv-2768-TWT, 2011 WL 5156817, at *2 (N.D. Ga. Oct. 27, 2011) (dismissing quiet title action due to plaintiff's failure to file plat of survey); *Mann v. Blalock*, 286 Ga. 541, 542-43, 690 S.E.2d 375, 376-77 (2010) (holding quiet title action legally defective for plaintiff's failure to file plat of survey).  In this action, Plaintiff has not attached a survey plat or written instruments evidencing her interest in the Property, [*see* Doc. 1], and thus her quiet title claim fails for this additional reason.

As a result, Plaintiff's claim for quiet title and declaratory relief fails, as does her claim for injunctive relief.[7]  Accordingly, the undersigned **RECOMMENDS** that Defendant's motion to dismiss Counts V and VI of Plaintiff's complaint be **GRANTED** and that Counts V and VI be **DISMISSED.**

### 6.    *Wrongful Foreclosure (Count VII)*

"In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to [her] by the foreclosing party, a breach of that duty, a causal

---

[7]     Plaintiff's separate "claim" for injunctive relief is no more than a claim for quiet title.  [*See* Doc. 1 at 32, ¶ 124].  Thus, since Plaintiff's quiet title claim fails, her request for injunctive relief similarly fails.

AO 72A
(Rev.8/8
2)

connection between the breach of that duty and the injury [she] sustained, and damages." *Racette v. Bank of Am., N.A.*, 318 Ga. App. 171, 174, 733 S.E.2d 457, 462 (2012) (quoting *Gregorakos v. Wells Fargo Nat. Assn.*, 285 Ga. App. 744, 747-48, 647 S.E.2d 289, 292 (2007)).  Plaintiff has not alleged any duty owed by Defendant, nor any breach of that duty, and her claims do not state a cause of relief as a result.

Indeed, Plaintiff has not even alleged that a foreclosure had taken place, itself a prerequisite to a wrongful foreclosure claim.  *Tait v. Nationstar Mortg. LLC*, No. 1:14-CV-2885-CC, 2015 WL 5725249, at *9 (N.D. Ga. Sept. 30, 2015) ("In order to establish a claim for wrongful foreclosure, at a minimum, a foreclosure must have occurred."); *Lesman v. Mortg. Elec. Registration Sys., Inc.*, No. 2:12-cv-00023-RWS, 2013 WL 603895, at *4 (N.D. Ga. Feb. 19, 2013).  In her complaint, she merely alleged that a foreclosure was scheduled for March 1, 2016.  [Doc. 1 at 2].  As a result, Plaintiff's allegations do not state a claim for relief.

Moreover, Plaintiff's conclusory arguments contesting Defendant's ability to foreclose on the Property have been rejected.  [Doc. 1 at 34, ¶¶ 131, 134].  A party holding a security deed is not required to produce the borrower-plaintiff's original promissory note prior to foreclosure, and Plaintiff, as a non-party to any assignment of the promissory note and security deed, does not have standing to challenge the validity

32

any assignment. *Edward v. BAC Home Loans Servicing, L.P.*, 534 Fed. Appx. 888, 891 (11th Cir. Aug. 16, 2013); *Montgomery v. Bank of Am.*, 321 Ga. App. 343, 345-46, 740 S.E.2d 434, 438 (2013); *LaCosta v. McCalla Raymer, LLC*, No. 1:10-cv-1171-RWS, 2011 WL 166902, at *5 (N.D. Ga. Jan. 18, 2011).   The Georgia Supreme Court has made clear that "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."   *You v. JP Morgan Chase Bank*, 293 Ga. 67, 74, 743 S.E.2d 428, 433 (2013); *see also Harris v. Chase Home Fin., LLC*, 524 Fed. Appx. 590, 592 (11th Cir. July 31, 2013) (citing *You*, 293 Ga. at 74, 743 S.E.2d at 433-34); *Minnifield v. Johnson & Freedman II, LLC*, 522 Fed. Appx. 782, 784 (11th Cir. July 1, 2013) (same); *Kabir v. Statebridge Co.*, No. 1:11-cv-2747-WSD, 2011 WL 4500050, at *5 (N.D. Ga. Sept. 27, 2011) ("[T]he Court is unaware of any Georgia statute or decision interpreting Georgia law that precludes the holder of the security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note.").[8]

---

[8]     Moreover, a notice to initiate foreclosure sent by a servicer on behalf of a secured creditor complies with statutory requirements.  *See LaCosta*, 2011 WL 166902 at *3 (holding that notice sent by servicer on behalf of secured

AO 72A
(Rev.8/8
2)

Finally, Plaintiff admits in the complaint that she failed to make her loan payments, [Doc. 1 at 4, ¶15], which defeats the causation element for wrongful foreclosure. *See Warque v. Taylor, Bean, & Whitaker Mortgage Corp.*, No. 1:09-cv-1906-ODE-CCH, 2010 WL 9474634, at *5 (N.D. Ga. July 30, 2010).

The undersigned therefore **RECOMMENDS** to the District Judge that Defendant's motion to dismiss Plaintiff's claim for wrongful foreclosure be **GRANTED** and that the wrongful foreclosure claim be **DISMISSED**.[9]

---

creditor complied with the statutory requirements because "[t]here is nothing in Section 162.2 to indicate that secured creditor may not utilize an agent to serve notice on a debtor of the initiation of foreclosure proceedings"); *see also Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002) (holding that loan servicer is real party in interest with standing to conduct, through licensed counsel, the legal affairs of the investor relating to the debt that it services).

[9]     To state a claim for *attempted* wrongful foreclosure under Georgia law, Plaintiff "must establish 'a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication.' " *Fenello v. Bank of Am., N.A.*, 926 F. Supp. 2d 1342, 1353 (N.D. Ga. 2013) (Duffey, J.) (quoting *Jenkins v. McCalla Raymer, LLC*, 492 Fed. Appx. 968, 972 (11th Cir. Oct. 25, 2012), and *Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 319, 320 S.E.2d 228, 232 (1984))); *Mayrant v. Deutsche Bank Trust Co. Ams.*, No. 1:10-cv-3094-TWT, 2011 WL 1897674, at *2 (N.D. Ga. May 17, 2011) (also quoting *Culpepper*, *supra*).

While Plaintiff has not asserted a specific cause of action for attempted wrongful foreclosure, she has not alleged any facts that would support such a claim either. Plaintiff has not alleged that Defendant made any sort of publication that contained untrue or derogatory information concerning Plaintiff's financial condition.  [Doc. 1,

34

### 8.      GFBPA (Count VIII)

Plaintiff's perfunctory GFBPA claim alleges that Defendant "claim[ed] to be something other than debt collectors or servicers." [Doc. 1 at 35, ¶137]. These allegations are insufficient to state a violation of the GFBPA. Plaintiff does not identify how Defendant misrepresented itself, indicate how Plaintiff was damaged by the misrepresentation, or otherwise state a plausible claim for relief under the GFBPA. Moreover, the statute does not apply to residential mortgage transactions. *Zinn v. GMAC Mortg.*, No. 1:05-cv-01747-MHS, 2006 WL 418437, at *4 (N.D. Ga. Feb. 21, 2006)(citing *Chancellor v. Gateway Lincoln Mercury, Inc.* 233 Ga. App. 38, 45, 502 S.E.2d 799, 805 (1998)).

Indeed, the GFBPA "does not provide a remedy for actions that do not and could not affect the general consuming public." *Henderson v. Gandy*, 270 Ga. App. 827, 830, 608 S.E.2d 248, 252 (2005) (citing *Morris v. Budd*, 226 Ga. App. 455, 457, 486 S.E.2d 682, 683-84 (1997)). Plaintiff's conclusory assertion that the "case involves a substantial public interest" does not suffice under *Twombly* and *Iqbal* to meet the Act's requirements that actions affect the general consuming public, in particular, when

_____

*passim*].      Accordingly, to the extent that Plaintiff is making a claim for wrongful attempted foreclosure, that claim also fails as a matter of law.

35

the facts in the complaint demonstrate that the alleged misrepresentations were clearly made as part of a private transaction.   [Doc. 1 at 36, ¶138]; *see also Zinn*, 2006 WL 418437 at *4 (citing *Lynas v. Williams*, 216 Ga. App. 434, 436, 454 S.E.2d 570, 573 (1995)).

The undersigned therefore **RECOMMENDS** to the District Judge that Defendant's motion to dismiss Plaintiff's GFBPA claim be **GRANTED** and the GFBPA claim be **DISMISSED**.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint, [Doc. 3], be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.[10]

---

[10]   When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the District Court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).   Although *Wagner* overruled *Bank* as to counseled litigants, it specifically stated that it did not address *pro se* litigants. *See Wagner*, 314 F.3d at 542 n.1.   Thus, the *Bank* rule remains applicable to *pro se* litigants when their complaints are dismissed with prejudice. *Id.*; *see also Duff v. Steub*, 378 Fed. Appx. 868, 872 n.5 (11th Cir. Apr. 29, 2010). Dismissal with prejudice is proper, however, if the *pro se* plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim. *Jemison v. Mitchell*, 380 Fed. Appx. 904, 907 (11th Cir. May 27, 2010).   Given the utter lack of factual basis and the absence of a

AO 72A
(Rev.8/8
2)

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 3rd day of January, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

_____

recognizable legal claim for relief in any of Plaintiff's cases (having filed four cases challenging the foreclosure), the general lack of substantive arguments in her response to Defendant's motion to dismiss, and Plaintiff's failure to point out more facts that if properly pleaded could constitute one or more viable claims, the undersigned **RECOMMENDS** that leave to amend not be granted and that dismissal be with prejudice.

AO 72A
(Rev.8/8
2)