**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**HERETTA L. WEST,**

        **Plaintiff,**

v.

**WELLS FARGO BANK, N.A.,**

        **Defendant.**

1:16-cv-393-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [6] ("R&R").

**I.    BACKGROUND**[1]

On April 20, 2007, Plaintiff Heretta West ("Plaintiff") obtained a loan from MortgageIT, Inc. ("MortgageIT") in the amount of $743,200.00. ([3.2]). To secure repayment of the promissory note, Plaintiff executed a security deed which conveyed legal title and power of sale of the real property located at 2398 Monte Villa Court, Marietta, Georgia 30062 (the "Property") to Mortgage Electronic

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Registration Systems, Inc. ("MERS") as nominee for MortgageIT. (Id.). On January 20, 2012, MERS transferred and assigned its rights, title, and interest in the security deed to HSBC Bank USA, National Association as Trustee For MortgageIT Securities Corp. Mortgage Loan Trust Series 2007-1, Mortgage Pass-Through Certificates ("HSBC"). Wells Fargo is the servicer of the loan on behalf of HSBC. ([1] at 9, ¶ 3; [3.1] at 2).

On November 27, 2013, Plaintiff, proceeding *pro se*, filed a complaint in the Superior Court of Cobb County. See West v. Wells Fargo Bank, N.A., Case No. 13-1-10266-34.3 ("West I"). ([3.4]). On April 9, 2014, Plaintiff voluntarily dismissed that complaint. ([3.5]). On October 1, 2014, again proceeding *pro se*, Plaintiff filed a another complaint in the Superior Court of Cobb County that was nearly identical to the complaint filed in West I. See West v. Wells Fargo Bank, N.A., Case No. 14-1-7667-53 ("West II"). ([3.6]). On December 2, 2014, Plaintiff voluntarily dismissed West II. ([3.7]).

On January 9, 2015, Plaintiff, proceeding *pro se*, filed a third complaint in the Superior Court of Cobb County. See West v. Wells Fargo Bank, N.A., Case No. 15-1-175-52 ("West III"). ([3.8]). In West III, Plaintiff asserted claims against Defendant for conversion, attempted wrongful foreclosure, breach of good faith and fair dealing, unfair and deceptive business practices, fraud, violations

under the Real Estate Settlement Procedures Act ("RESPA"), unjust enrichment, "adequate assurances of performance," unconscionability, and sought a declaratory judgment and reasonable attorney's fees.  ([3.8]).  On December 21, 2015, the Cobb County Superior Court dismissed Plaintiff's claims with prejudice.  ([3.9]).

On February 9, 2016, Plaintiff, proceeding *pro se*, filed a complaint in this Court.  ([1]).  Plaintiff's Complaint asserts claims against Defendant for violation of the Fair Debt Collections Practices Act ("FDCPA") (Count I), violation of the Fair Credit Reporting Act ("FCRA") (Count II), negligence (Count III), intentional infliction of emotion distress ("IIED") (Count IV), declaratory judgment/quiet title (Count V), injunctive relief, (Count VI), wrongful foreclosure (Count VII), and violation of the Georgia Fair Business Practices Act ("GFBPA") (Count VIII).  She seeks equitable and injunctive relief, compensatory and punitive damages, and attorney's fees.  (Compl. at 36-37).

Defendant moved to dismiss Plaintiff's complaint on two primary grounds: (1) Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, and the "two dismissal" rule; and (2) Plaintiff's complaint fails to state a claim upon which relief can be granted.  ([3.1]).

On January 4, 2017, the Magistrate Judge issued his R&R.  The Magistrate Judge determined that the doctrine of res judicata barred all of Plaintiff's claims

except Counts II and III. He further found that Count VII (wrongful foreclosure) is also barred on the grounds of collateral estoppel. The Magistrate Judge recommends the Court grant Defendant's Motion to Dismiss on all of Plaintiff's claims for failure to state a claim. No party filed objections to the R&R.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.  Analysis

#### 1.  Res Judicata

"Res judicata, or more properly claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already

litigated a claim and promoting judicial economy." In re Atlanta Retail, Inc., 456 F.3d 1277, 1284 (11th Cir. 2006).  Res judicata "not only bars matters *actually litigated* in the earlier action; when it applies, res judicata also bars every claim which might have been presented in the earlier action." Langermann v. Dubbin, 613 F. App'x 850, 853 (11th Cir. 2015) (emphasis in original) (citing Atlanta Retail, 456 F.3d at 1285).  Res judicata applies if four elements are met:  (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) between the same parties, or their privies; and (4) the causes of action involved in both cases are the same.  Id. (citing Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)).

      Applying these factors, the Magistrate Judge found that West III resulted in the entry of a final judgment on the merits by a court of competent jurisdiction.  In December 2015, the Cobb County Superior Court dismissed Plaintiff's claim with prejudice for failure to state a claim.  ([3.9]).  A dismissal for failure to state a claim is a judgment on the merits.  SFM Holdings, Ltd. v. Banc of America Securities, LLC, 764 F.3d 1327, 1344 (11th Cir. 2014).  There is no dispute that the Cobb County Superior Court is a court of competent jurisdiction, and the Magistrate Judge found the parties were identical in each action.

With respect to the final element, under Georgia law, all claims for relief that concern "the same subject matter" must be raised in the first action because "[a]ny claims for relief concerning the same subject matter that are not raised are thereafter barred under O.C.G.A. § 9-12-40." Bennett v. Cotton, 536 S.E.2d 802, 804 (Ga. Ct. App. 2000). Thus, res judicata may not be avoided merely by requesting different relief in a subsequent suit. McBride v. Chilivis, 255 S.E.2d 80, 81 (Ga. Ct. App. 1979). The Magistrate Judge noted that both lawsuits are premised on Plaintiff's allegations that Defendant does not have the authority to foreclose on the Property because Defendant was not the secured creditor, and that Defendant acted improperly as the loan servicer on behalf of HSBC. He determined that, except for Counts II and III, Plaintiff's causes of action are barred by res judicata, because they arise out of the same set of operative facts that were brought against Defendant in West III. With respect to Counts II and III, he Magistrate Judge found that it is unclear when the conduct of which Plaintiff complains occurred, and thus Defendant did not meet its burden to establish that res judicata applies to those claims. The Court finds no plain error in these findings and recommendation, and all of Plaintiff's causes of action except for Counts II and III are barred by res judicata. See Slay, 714 F.2d at 1095.

>      2.      Failure to State a Claim

>           a)      FCRA Claim (Count II)

With respect to Plaintiff's FCRA claim (Count II), Plaintiff alleges Defendant misrepresented to unidentified credit reporting agencies that it had Plaintiff's consent to obtain Plaintiff's reports and that Defendant furnished negative information about Plaintiff's credit. (Compl. ¶¶ 95-99). The FCRA makes it unlawful for a person to "knowingly and willfully obtain [] information on a consumer from a consumer reporting agency under false pretenses." See 15 U.S.C. §1681q. The Magistrate Judge noted that there are no factual allegations in the Complaint that Defendant obtained Plaintiff's credit report under any false pretenses.

The FCRA also provides protection to consumers like Plaintiff against furnishers of credit information who submit incorrect information. See 15 U.S.C. §§ 1682a(c), (f); id. § 1681s-2(a). This protection breaks down into two duties on the part of furnishers of credit information: "[f]irst, §1681s-2(a) requires furnishers to submit accurate information to [credit reporting agencies]," and "[s]econd, §1681s-2(b) requires furnishers to investigate and response promptly to notices of customer disputes." Green v. RBS Nat. Bank, 288 F. App'x 641, 642 (11th Cir. 2008). However, violations of the first kind, the submission of

inaccurate information does not create a private right of action, and to recover for violations of the second kind, a plaintiff must allege that the furnisher in question received notice of the dispute.  Steed v. EverHome Mortg. Co., 308 F. App'x 364, 369-70 (11th Cir. 2009).  Because Plaintiff did not allege that she disputed any inaccurate information contained in her credit report or that Defendant received notice of any such dispute, the Magistrate Judge determined that Plaintiff failed to state a claim for relief.  Accordingly, he recommends the Court grant Defendant's Motion to Dismiss Plaintiff's FCRA claim for failure to state a claim.  The Court finds no plain error in these findings and recommendation, and Defendant's Motion to Dismiss Plaintiff's FCRA claim (Count II) is granted.  See Slay, 714 F.2d at 1095.

                b)      Negligence (Count III)

Plaintiff's negligence claim is premised upon alleged violations of the FCRA, specifically that Defendant used misrepresentations to obtain credit information and failed to correct inaccurate information.  The FCRA preempts "negligence [claims] with respect to the reporting of any information against . . . any user of information, or any person who furnishes information" except when "false information [is] furnished with malice or willful intent."  15 U.S.C. § 1682h(e).  Because Plaintiff did not allege any facts to support that

Defendant acted with malice or willful intent, the Magistrate Judge recommends that the Court grant Defendant's Motion to Dismiss Plaintiff's negligence claim for failure to state a claim. The Court finds no plain error in these findings and recommendation, and Defendant's Motion to Dismiss Plaintiff's negligence claim (Count III) is granted. See Slay, 714 F.2d at 1095.[2]

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 27th day of January, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court also finds no plain error in the Magistrate Judge's findings and recommendation that the remainder of Plaintiff's claims should be dismissed for failure to state a claim, and that collateral estoppel bars Plaintiff's wrongful foreclosure claim (Count VII). See Slay, 714 F.2d at 1095.